[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (#108) MOTION MODIFICATION (#109) MOTION FOR CONTEMPT (#110)
The parties appeared before the court (Ryan, J.) on June 9, 1993, at which time they submitted a fully executed separation agreement. Although the ninety day waiting period had not expired the court agreed to order that "those terms of the separation agreement that can be treated as pendente lite orders . . . become an order of the court" (Transcript p. 24).
The parties' understanding was that this agreement would become effective at that time "pendente lite to the extent that it is possible" and that the plaintiff wife would receive the payments, and that the visitation and custody would be under the terms of this agreement (Transcript p. 13)
The court grants, in part, the motion for contempt (#108) dated July 17, 1993, and finds the arrearage to be $22,500 as stipulated by the parties. The court finds that the action of the defendant was willful in that he failed to pay the child support at the time when he was meeting other expenses and did not give priority to the court's order pursuant to section 3.1 of the separation agreement. At the hearing he failed to provide credible and convincing evidence that he did not have the means to pay; he failed to convince the court that he was suffering business reversals. His testimony was characterized by memory lapses and the failure to produce documentation to substantiate his claim that he was unable to meet the obligations. The defendant shall pay the arrearage at the rate of $5,000 per month, commencing November 10, 1993 and then on the 10th of December, 1993, January, 1994 and February 1994. The last payment of $2,500 will be payable on March 10, 1994.
However, the husband is not in contempt in regard to the credit card obligations pursuant to paragraph 8.1 of the separation agreement. He has not received bills or notification from the CT Page 8708 credit card companies. Therefore, the wife is ordered to forward such bills to her attorney immediately upon her receipt of them and her attorney will forward them to the defendants' attorney who shall send them on to his client immediately. Payments of any bill must be made within 21 days after the defendant has received the bill from his attorney.
The court does not address the issue of the husband's failure to hold the defendant harmless in connection with the lawsuit more fully set forth in paragraph 8.2. This is a matter better left to final hearing as part of a property distribution.
The motion for modification (#109) is denied. The defendant was unable to provide necessary evidence to indicate that there has been a substantial change in his circumstances since the June 9 hearing. He was either unable to recall information or produce records to substantiate his change of circumstances. Therefore he failed to meet his burden of proof.
The court denies the motion for contempt (#110) in which the defendant alleges that the plaintiff failed to provide visitation or reasonable telephone access between the defendant and the minor child, Sasha. The defendant could not substantiate his testimony that he made several calls to his daughter but was unable to reach her. Both parties agreed that he has had visitation with Sasha in the East for approximately seven days and for several hours in California on one day. Although a total of eight days in four months may not be satisfactory to the father the court cannot find that the plaintiff acted willfully to deprive the father of visitation. However, to resolve future difficulties the court ordered that Attorney Bobbi Silver be appointed to represent the child.
LEHENY, J.